IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE ROGERS,<br>     Plaintiff,<br><br> vs.<br><br>OFFICER JOHN BENTLY HENSON,<br>City of Pgh Police Officer Zone #1<br>(North Side),<br>     Defendants. | )<br>)<br>)<br>) Civil Action No. 12-438<br>) Judge Gary L. Lancaster/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

Clarence Rogers, ("Plaintiff") filed a Complaint, ECF No. 6, alleging that his constitutional rights were violated by the Defendants, when, on June 13, 2009, Police Officer John Bently Henson falsely arrested him and falsely imprisoned him. Because there is a two-year statute of limitations applicable to civil rights actions and because Plaintiff did not file the instant action until, at the earliest, April 2, 2012, more than two years after the alleged incident, the action is time-barred and must be dismissed as such.

**A. PROCEDURAL AND FACTUAL BACKGROUND**

At the time of initiating this civil action, Plaintiff was a prisoner in the Allegheny County Jail. ECF No. 1-3. Plaintiff is proceeding pro se and has been granted *in forma pauperis* ("IFP")

status. ECF No. 5. Plaintiff attached a proposed complaint (the "Complaint") to his Motion for Leave to Proceed In Forma Pauperis ("IFP"). The Complaint was signed April 2, 2012. ECF No. 1-2 at 4. In June 2012, the Clerk's Office received an Amended Complaint, which was signed June 1, 2012 (the "Amended Complaint."). ECF No. 4. After granting Plaintiff's IFP motion, both the Complaint, ECF No. 6, and the Amended Complaint, ECF No. 8, were docketed.

Both the Complaint and the Amended Complaint were on pre-printed civil rights complaint forms which the Clerk's Office provides to pro se plaintiffs. The main difference between the two complaints is that in the Complaint, Plaintiff specified the date on which his rights were allegedly violated, namely, June 13, 2009. ECF No. 6 at 2, ¶ IV.A. In the Amended Complaint, Plaintiff left the space blank for indicating the date of the event. ECF No. 8 at 2, ¶ IV.A.

Service of process has not yet been made on the Defendants.

**B. APPLICABLE LEGAL PRINCIPLES**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

2

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C. DISCUSSION

In the Amended Complaint, Plaintiff complains in full as follows: "Officer John Bently Henson did act under the Color of State law to violate my constitutional [rights] under the 14th

3

Amendment. ECF No. 8 at 2, ¶ IV.C. This is almost exactly what Plaintiff alleged in the original Complaint. ECF No. 6 at 2, ¶ IV.C. ("Officer John Bently Henson, did act under the color of State law to violate my civil rights under the Constitutions [sic] of the United States by way of, False Arrest, False Imprisonment etc."). Whereas in the original Complaint, Plaintiff specifies that the allegedly false arrest and imprisonment occurred on June 13, 2009, Plaintiff omits this information from his Amended Complaint. Nevertheless, it is clear that the event of which Plaintiff complains in the Amended Complaint is the same event as complained of in the original Complaint and that the event occurred on June 13, 2009.

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983, which is the Civil Rights Act, in either the Complaint or the Amended Complaint, because Plaintiff is seeking to vindicate his constitutional rights and because he does not have a cause of action directly under the Constitution of the United States, a liberal reading of the complaints requires the court to construe them as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, the Court construes the current civil action as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F.App'x 128, 131 (3d Cir. 2007). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State. Wilson v. Garcia, 471 U.S. at 267 to 275. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F.App'x 726 (9th Cir. 2001). Instantly, the bar of the statute of limitations is apparent on the face of Plaintiff's Complaint and Amended Complaint.

Herein, the wrongs complained of by Plaintiff, allegedly occurred on June 13, 2009, and, therefore, accrued then, or shortly thereafter.[1] Plaintiff did not "file"[2] his application to proceed

---

[1] As the Court of Appeals for the Third Circuit explained:

> Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury. *See Montgomery v. De*

(…footnote continued on next page)

IFP, which would stop the running the of the statute of limitations,[3] until, at the earliest, April 2, 2012, *i.e.,* more than two years and nine months after the alleged wrongs were allegedly perpetrated by the Defendants. Thus, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, the action should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars the suit.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

---

*Simone*, 159 F.3d 120, 126 (3d Cir.1998). A claim of false imprisonment accrues when a person is detained without legal process (the claims ends once that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges). Wallace v. Kato, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

LeBlanc v. Snavely, 453 F.App'x 140, 141 (3d Cir. 2011). While Plaintiff in this case does not allege when he was bound over by a magistrate or arraigned, given the Pennsylvania Rules of Criminal Procedure Rule Nos. 516 to 519, all require that an arrestee be brought before judicial officer "without unnecessary delay," (and Plaintiff fails to allege that he was not arraigned shortly after his arrest), it is clear that even the false imprisonment claim is time-barred as well.

[2] Plaintiff's application for IFP status was not signed until April 2, 2012, ECF No. 1 at 2, which is the earliest this Court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F.App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

August 16, 2012                                  s/Maureen P. Kelly
                                                 MAUREEN P. KELLY
                                                 UNITED STATES MAGISTRATE JUDGE

cc:     Gary Lancaster
        United States District Judge

        Clarence Rogers
        23031-2F/212
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219-3100